IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TRACY D. HAYNES, §
  PETITIONER, §
  §
v. § CIVIL ACTION NO. 4:07-CV-0129-A
  §
NATHANIEL QUARTERMAN, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
  RESPONDENT. §

<u>FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER</u>

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. The petitioner seeks relief from a prison disciplinary proceeding.

B. PARTIES

Petitioner Tracy D. Haynes, TDCJ-ID #620748, is confined by the Texas Department of Criminal Justice, Institutional Division, in the Coffield Unit, Tennessee Colony, Texas.

Respondent Quarterman is the Director of the Texas Department of Criminal Justice, Institutional Division.

C.  DISCIPLINARY HISTORY

Haynes is in state custody and serving a fifty-year prison sentence for burglary of a habitation pursuant to a judgment entered March 2, 1992, by the 371st Judicial District Court of Tarrant County, Texas. (Resp. Answer, Ex. A). He does not complain about his conviction or sentence, but instead challenges the result of a prison disciplinary proceeding.

On March 15, 2006, prison officials at the Coffield Unit gave written notice to Haynes that he was charged with the following offense:

> On the date and time listed above, and at Coffield Unit Ad Seg Office, [Haynes] did possess two Nokia cell phones inside the Coffield Unit, a felony as defined by the laws of the State of Texas and in violation of Article 38.11 of the Texas Penal Code.

(Discipl. Hr'g R. at 1). *See* TEX. PENAL CODE ANN. § 38.11(g),(j) (Vernon 2003 & Supp. 2007) (prohibiting inmates from possessing cellular telephone and classifying offense as third-degree felony); TEXAS DEPT. CRIM. JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 24 (Jan. 2005)(classifying commission of any act defined as a felony under state law as a "Level 1" offense, which is the most severe category of offense in the prison disciplinary system), *available at* http://www.tdcj.state.tx.us/publications/id/GR-106%20Web%20Final%20doc%203-23-05.pdf. Haynes was assigned a counsel substitute to assist him in the disciplinary process. (*Id*. at 6). A hearing was held on March 16, 2006, and after receiving testimony from the accusing officer, the hearing officer found Haynes was guilty and assessed a punishment of fifteen days in solitary confinement; forty-five days cell restriction; forty-five days commissary restriction; a reduction in inmate classification from S-3 to L-3; and a forfeiture of 730 days of good-time credits. (*Id.* at 8). Haynes timely appealed the discipline on March 27, 2006, by filing an administrative grievance. After his initial grievance was denied, he filed a "Step Two" grievance that was rejected on June

9, 2006. (Discipl. Grievance R. at 1-4). Haynes filed his federal petition for writ of habeas corpus on February 16, 2007.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002).

D.    ISSUES

Haynes has stated one formal ground for relief: He was denied due process because there was no reliable evidence to support a finding of guilt. In his supporting documents, Haynes raises additional complaints about the process that was afforded him in the disciplinary hearing and grievance process.

E.    RULE 5 STATEMENT AND EXHAUSTION

Quarterman agrees that the petition is timely filed and that Haynes has sufficiently exhausted his administrative remedies only with respect to his complaint that there is no evidence to support the disciplinary determination. Quarterman asserts that any other legal or factual issues that Haynes now attempts to raise are unexhausted and procedurally barred.

A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust available state remedies, including administrative remedies.[2] *Lerma v. Estelle*, 585 F.2d 1297, 1298-99 (5th Cir. 1978); *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir.1980). *See generally* 28 U.S.C. § 2254(b)-(c). The Texas prison system has developed a two-step formal grievance process and both steps must be pursued for a grievance to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). A grievance is considered sufficient for

---

[1] A federal petition is deemed filed on the date the petitioner executed his petition and presumably deposited it in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998).

[2] State court review of prison disciplinary proceedings is unavailable in Texas. *See Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

exhaustion purposes if it gives officials a fair opportunity to address the problem that later forms the basis of the lawsuit. *Id*. at 517.

Even applying this standard liberally, it is apparent that Haynes has exhausted only his challenge to the sufficiency and reliability of the evidence presented during the disciplinary hearing. Quarterman correctly notes that offering Haynes an opportunity to exhaust any other issues at this date would be futile because any grievance filed would be untimely.[3] When the petitioner has unexhausted claims and the state court to which he would be required to present his claims would now find those claims procedurally barred, the courts treat the unexhausted claims as procedurally defaulted absent a showing of cause for the default and actual prejudice as a result of the alleged violation of federal law. *See Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed. 2d 640 (1991). Although the Supreme Court was addressing a petitioner's challenge to an underlying conviction in *Coleman*, the district courts for the Northern District of Texas and the Eastern District of Texas have found it reasonable to extend the procedural default doctrine to habeas cases involving prison disciplinary proceedings. *Moffatt v. Director*, 390 F.Supp.2d 560, 562-63 (E.D. Tex.2005); *Spann v. Dretke*, No. 3:03-CV-2849-D, 2005 WL 1406044 at *2-3 (N.D. Tex. Jun.15, 2005). Haynes does not allege or show cause and actual prejudice sufficient to overcome his default.[4]

---

[3] A grievance must be filed within fifteen days from the date of the incident or occurrence. TEXAS DEPT. CRIM. JUSTICE, OFFENDER ORIENTATION HANDBOOK 52-53 (Nov. 2004), *available at* http://www.tdcj.state.tx.us/publications/cid/publications-cid-offender-orientation-handbook.htm.

[4] The procedural default may also be excused if the petitioner can establish a fundamental miscarriage of justice, which generally requires a showing of actual innocence of the charged offense. *See generally Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639 91 L.Ed.2d 397 (1986). Haynes cannot meet that showing in light of his confession to the accusing officer, which is discussed below.

Haynes did avail himself of the grievance process, but only to complain of the lack of reliable evidence supporting his guilt. He does not explain his efforts to raise new complaints in this court about uncalled witnesses or his representative's performance at the disciplinary hearing, and it appears that these are issues that he should have been aware of during the grievance process. With respect to his efforts to supplement the record with additional documents, which he has labeled as Exhibits A-E, he asserts that he could not submit the exhibits as part of the grievance proceedings because he was held in isolation until June 7, 2006. Even if this confinement was sufficient cause to excuse this late production of documents,[5] Haynes cannot demonstrate actual prejudice. Prejudice is satisfied by a demonstration that, but for the error, the petitioner might not have been found guilty. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). In other words, the petitioner must identify how the alleged violation harmed his cause. *Williams v. Whitley*, 994 F.2d 226, 232 (5th Cir. 1993).

Haynes submits a disciplinary report (Exhibit A), his inmate time-slip (Exhibit B), and copies of the grievance forms (Exhibit C) for the court's convenience, but a review of these exhibits shows that they are cumulative of information already in the record. The March 31, 2006, affidavit from fellow inmate James Woerner (Exhibit D) reflects that Woerner has some general knowledge of the inmate work assignments at the Coffield Unit, but does not reflect that he had any specific knowledge about Haynes's possession of the telephones that would undermine the reliability of the hearing. Haynes's own affidavit (Exhibit E) is self-serving and essentially reiterates his denial of the charges. Haynes has failed to overcome his procedural default, and accordingly, judicial review is limited to Haynes's contention that there is no reliable evidence supporting his guilt.

F.  DISCUSSION

---

[5] Haynes was able to file his Step One and Step Two grievances during the time in which he complains he was detained.

1. Hearing Due Process

Haynes contends that he was denied due process because there was no reliable evidence to support his guilt. Quarterman argues that Haynes is not entitled to relief with respect to complaints he may have about disciplinary proceedings that resulted in restrictions to his cell, solitary confinement, the loss of commissary privileges, or his reduction in classification because none of these consequences implicates a liberty interest entitled to the protection of the Due Process Clause.

State-created liberty interests subject to due process guarantees are generally limited to freedom from restrictions that impose "atypical and significant hardship" on an inmate in relation to the ordinary incidents of prison life or that inevitably affect the duration of the inmate's sentence. *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Solitary confinement, cell restrictions, loss of commissary privileges, or a change in classification do not represent the type of atypical, significant deprivation in which a state might create a liberty interest. *See id.*; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995).

But Haynes also lost 730 days of good-conduct time, which affects his anticipated release date because the Texas mandatory supervision scheme, as it applies to Haynes, provides for the release of an eligible[6] prisoner not already released on parole once his calendar time served plus good conduct time credits equal the maximum term for which he was sentenced. *See generally* TEX. CODE CRIM. PROC. ANN. art. 42.18, §8(c) (repealed)(current version codified at TEX. GOV'T CODE ANN. §508.147 (Vernon 1998)). This mandatory supervision scheme creates a constitutional expectancy of early release to eligible inmates and vests an inmate with a protected liberty interest

---

[6] Haynes is eligible for the mandatory supervision release. (Resp. Answer, Ex. A).

in previously earned good-time credits.[7] *Teague v. Quarterman*, 482 F.3d 769, 774-76 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir.2000). Accordingly, Haynes has properly invoked a right to due process protections before he may be deprived of his good-time credits. *See Teague*, 482 F.3d at 780 (holding that procedural due process must be afforded before any amount of good-time credits may be lost).

Prison disciplinary proceedings are not subject to the full panoply of rights that must be provided as part of a criminal prosecution. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974); *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001)(per curiam). Nonetheless, there are minimal levels of due process that must be afforded, which include advanced (24-hour) written notice of the claimed violation; an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and a written statement of the fact finder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff*, 418 U.S. at 563-66, 94 S.Ct. at 2978-80; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). In addition, there must be some evidence supporting the disciplinary determination. *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any

---

[7] Parole eligibility is not an issue because it is entirely speculative whether an inmate will actually obtain parole in Texas and there is no absolute right to be released on parole. *See Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir.1995); *see also Creel v. Keene,* 928 F.2d 707, 712 (5th Cir.1991). Without a constitutional expectancy of parole, there is no liberty interest in parole sufficient to invoke constitutional due process protections. *See id*.; *Creel v. Keene*, 928 F.2d 707, 711-12 (5th Cir. 1991).

evidence in the record that could support the conclusion reached by the disciplinary board. *Id*. at 455-56, 105 S.Ct. at 2774.

Haynes does not contest the adequacy of the notice that was given or the written statement that was provided after the hearing that identified the evidence relied upon and the reasons for the discipline imposed. The audiotape of the disciplinary hearing also confirms that Haynes was given the opportunity to defend himself. Haynes intersperses his brief with complaints about his substitute counselor's failure to offer evidence on his behalf or question the accusing officer, but Haynes did not exhaust this issue by raising it in the prison grievance process. Moreover, as an inmate does not have a right to either appointed or retained counsel at prison disciplinary hearings, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of a counsel substitute at a disciplinary hearing. *See Baxter v. Palmigiano* 425 U.S. 308, 315, 96 S.Ct. 1551,1556 - 1557, 47 L.Ed.2d 810 (1976); *Wolff*, 418 U.S. at 569, 94 S.Ct. at 2981. Haynes's complaint that the accusing officer was not subjected to cross-examination is likewise meritless because the Supreme Court has found no due process right to cross-examination in prison disciplinary cases. *Wolff*, 418 U.S. at 568, 94 S.Ct. at 2980.

Haynes devotes most of his petition to his position that he was denied due process because there is no reliable evidence to support his guilt. Haynes argues that his guilt is a factual impossibility because he was charged with the possession of two cellular telephones with an alleged offense date of March 10, 2006, but he was searched and placed in the Coffield Unit's pre-hearing detention facilities on March 7, 2006, and remained there for the next three days. *See* TEXAS DEPT. CRIM. JUSTICE, DISCIPLINARY RULES AND PROCEDURES FOR OFFENDERS 4 (Jan. 2005) (noting that inmate charged with or suspected of disciplinary violation may be placed in pre-hearing detention

for security or other reasons, including integrity of ongoing investigation), *available at* http://www.tdcj.state.tx.us/publications/id/GR-106%20Web%20Final%20doc%203-23-05.pdf. Haynes' argument is unpersuasive.

On March 10, 2006, two cellular telephones were found secreted in a computer monitor located in the supply warehouse at the Coffield Unit. (Discipl. Hr'g R. at 2). At the disciplinary hearing, the accusing officer, Major Bowman, testified that Haynes had confessed to hiding the cell phones where they were eventually found. Haynes complains that Bowman's testimony was hearsay and uncorroborated by any recording, writing, or other evidence, but the court does not assess the weight of the evidence and leaves the task of determining the believability of the testimony presented at the disciplinary hearing to the hearing officer. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). And as noted in response to Haynes's grievance, the offense form reflected the date, time, and location that prison officials became aware of the infraction. (*Id.*; Discipl. Grievance R. at 4). The fact that the phones were not found until after Haynes was moved to a pre-hearing detention cell does not undermine the existence of some evidence to support the hearing officer's determination that Haynes had possessed contraband items.

Haynes raises additional complaints about deficiencies in the grievance process. He asserts that the warden was an interested party and should not have ruled on his initial grievance, and he complains that the Step Two grievance was denied for false reasons. Haynes has no federally protected liberty interest in having grievances resolved to his satisfaction, and therefore any due process complaint arising from deficiencies in the grievance procedures are meritless. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

G. EVIDENTIARY HEARING

Haynes has requested an evidentiary hearing, arguing that, because of his punishment, he was restrained from gathering material evidence during the grievance process. Respondent has requested a change of venue (to the Eastern District of Texas) as a matter of convenience in the event an evidentiary hearing is granted.

Rule 8 of the Rules Governing Section 2254 Cases in the United States District Court vests district courts with discretion to conduct an evidentiary hearing, so long as it is not barred by § 2254(e)(2).[8] *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). The court will review the answer, any transcripts and records of state-court proceedings, and any other materials submitted to determine whether an evidentiary hearing is warranted. Rules Governing § 2254 Cases, Rule 8, foll. 28 U.S.C. § 2254. *See also Malchi*, 211 F.3d at 956 (noting that complaints about lost good-time credits arise under § 2254). But in reviewing administrative findings under a federal habeas corpus or a section 1983 complaint, the federal courts cannot assume the task of retrying all prison disciplinary disputes. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). De novo review of the disciplinary board's factual finding is not required; instead, the courts must consider whether the decision is supported by "some facts" or "any evidence at all." *Id*. In this case, the hearing officer had some evidence supporting Haynes's guilt, and Haynes has not identified any specific factual dispute that could not previously have been presented and whose favorable outcome in the event of a hearing would entitle him to relief. Haynes is not entitled to an evidentiary hearing, which also nullifies Respondent's arguments in favor of a change of venue.

RECOMMENDATION

---

[8] Section 2254(e)(2) addresses claim development in state court proceedings and does not appear to restrict the availability of a hearing in cases involving administrative determinations. *See generally* 28 U.S.C. § 2254(e)(2).

The petition for writ of habeas corpus should be denied. Petitioner's motion for an evidentiary hearing should be denied. Respondent's request for a change of venue should also be denied.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until February 13, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until February 13, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED JANUARY 23, 2008.


 /s/ Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE